MATHEWS *v.* LECKNER.

WILLS—MENTAL COMPETENCY.

Instruction to jury in will contest certified to circuit court that it was conceded that invalid testatrix possessed mental capacity to make the will *held,* harmless error, where there was no evidence justifying submission of such an issue to the jury, evidence clearly established that she wanted to make a will, directed that scrivener be summoned, fully informed him of her desire and was mentally competent, although no such concession is found in the record.

Appeal from Berrien; White (Charles E.), J. Submitted June 7, 1934. (Docket No. 69, Calendar No. 37,664.) Decided September 18, 1934.

George Samuel Webber presented for probate the last will and testament of Florence L. Webber, deceased. Adele Mathews and Leslie Scott filed objections thereto. Upon the death of George Samuel Webber, Arthur E. Leckner was appointed special administrator. Case certified to circuit court. Verdict and judgment for proponent. Contestants appeal. Affirmed.

*W. J. Barnard* (*Carl W. Benton,* of counsel), for appellants.

*Charles W. Gore,* for appellee.

WIEST, J. This will contest, on the grounds of undue influence and want of mental capacity, was certified to the circuit court, tried by jury and the will found to be that of the testatrix. Contestants appeal, claiming the court was in error in instructing the jury it was conceded that testatrix possessed mental capacity to make the will. We find no such concession in the record, but we do find that the evidence wholly fails to support the claim of mental incapacity and, while the court may have been in error in stating testatrix's mental capacity was conceded, the error, if such, was harmless, for there was no evidence justifying submission of such an issue to the jury.

The issue of undue influence was submitted to the jury under suitable instructions and no error is alleged thereon.

The testatrix was an elderly woman, living with her husband in the township of Benton, Berrien

county. For several years before executing the will she had been an invalid and confined to a wheel chair. In the will, executed at her home on January 11, 1932, she bequeathed $500 to a friend and the rest, residue and remainder of her estate to her husband. Mr. and Mrs. Webber had been married 31 years at the time of her death. Heirs at law contest probate of the will. The day the will was executed testatrix sent for a resident of Benton Harbor to prepare her will, stated to him what she wanted and he so drew it, and she signed it, sitting in the wheel chair. The evidence clearly established that she wanted to make the will, directed the summoning of the scrivener, fully informed him of her desire and was mentally competent.

We infer that Mr. and Mrs. Webber had no children.

We find no reversible error. The judgment is affirmed, with costs against contestants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.